The Honorable Tim Hutchinson State Representative Post Office Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion on two questions concerning the establishment of a community college district. Specifically, you note that a special election has been called in your area to consider the question of establishing a community college district. You note further that the proposed area to be included in the district includes territory in two school districts and the boundaries of the two school districts are used in describing the boundaries of the proposed community college district. With these facts noted, you reference A.C.A.6-61-515, and pose the first question, which is as follows:
 When a proposed community college district encompasses area in two or more school districts and the boundaries of the school districts are used in describing the boundaries of the proposed community college district, does the establishment of such district require an affirmative vote of a majority of the electors voting in each of the separate school districts or portion thereof encompassed in the proposed community college district?
Section 6-61-515 of the Arkansas Code provides:
 (a)(1) If a majority of the qualified electors of the proposed district voting thereon at such election shall vote FOR the establishment of the district, the district shall be established in the manner provided in (this chapter) (2) If a majority of the qualified electors of the proposed district voting thereon at the election vote AGAINST the establishment of the district, the district shall not be established, and no new election for the establishment thereof shall be held for a period of one (1) year thereafter. (3) However, if the proposed district includes more than one (1) county or city, the majority required for the purposes of (provisions of this chapter) shall include not only a majority of the electors of the proposed district voting on the issue at the election but shall also include a majority of the electors voting on the issue in each county or city of the proposed district, or if the proposed district consists of described contiguous territory in one (1) or more counties or cities, the majority required for the purposes of (provisions of this chapter) shall include not only a majority of the electors of the proposed district voting on such issue but shall also include a majority of the electors voting on the issue in the portion of any county or city of the proposed described district. (b) The vote in a particular city shall be considered separately only if the boundaries of the city are used to describe the district separate from the boundaries of the county in which the city is located.
It is my opinion, in light of the statute above,* that the answer to your first question is "no." The statute does not require a separate vote in each school district even if the school district boundaries are used in describing the proposed community college district. The statute does not speak in terms of "school districts." It outlines the voting requirements based upon the location of the proposed community college district as it relates to COUNTIES and CITIES. In determining whether separate areas of the proposed district are required to approve the establishment of the district by a separate majority, the first question to ask is whether the proposed district includes territory in more than one county. If so, a separate vote may be required in each county or portion of each county involved. The second question to ask is whether more than one city is included in the proposed community college district. If so, you must determine whether the boundaries of the city are used to describe the district separately from the boundaries of the county. If so, a separate majority may be required in those cities. _________. * The requirements for the establishment of a community college district are also set out in Amendment 52 to the Arkansas Constitution; but A.C.A. 6-61-515 is a legislative expression of those requirements, and is the provision which gives rise to your question. _________.
It is, of course, impossible to answer these issues with specificity, as you have not indicated what cities and counties (or school districts) are included in the proposed district. It is my conclusion, however, that the mere fact that two school districts make up the boundaries of the proposed district does not, under A.C.A. 6-61-515, itself mandate a separate vote in each school district.
Your second question involves the charging of an additional tuition fee to out-of-district students. The fee is authorized in A.C.A. 6-61-523(c). That subsection provides in pertinent part as follows:
 (c) Students who come from within the state but without the district may be charged a fee in addition to the fee charged students who are residents of the district as determined by the local board not to exceed the pro rata share of the per student cost annually paid for buildings from local tax revenues.
Your question regarding this provision is restated as follows:
 If the revenues derived from the local millage levied for a community college is used for operation of the college rather than for buildings, may the board of the district charge out of district students an additional tuition fee up to the pro rata student share of total local tax collections or will the additional charge be limited to the per student portion of the local revenues that are expended for building construction and maintenance?
It is my opinion that the additional charge is limited to the pro rata share of the per student amount annually paid for buildings. Although the intent of the provision is clearly to authorize the additional fee in light of the fact that out-of-district students do not bear the burden of local millages 6-61-523(c) sets a limit on the fee, and that limit is the pro rata per student cost paid annually for BUILDINGS. To exceed this amount would be unlawful. The fact situation you pose (i.e., the millage being used for operation rather than for buildings) was apparently not contemplated by the legislature when it enacted the provision. An amendment to the provision would, in my opinion, be necessary to construe the statute otherwise.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.